## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT TECHNOLOGIES, LP,<br><br>        Plaintiff,<br><br>    v.<br><br>FOX ENTERTAINMENT GROUP, INC., and<br>FOX BROADCASTING COMPANY,<br><br>        Defendants.<br>─────────────────────────────<br>FOX ENTERTAINMENT GROUP, INC., and<br>FOX BROADCASTING COMPANY,<br><br>        Counterclaimants,<br><br>    v.<br><br>REMBRANDT TECHNOLOGIES, LP,<br><br>        Counterdefendant. | C.A. No. 06-731 (GMS)<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants Fox Entertainment Group, Inc. and Fox Broadcasting Company (collectively "Fox") submit this answer, including defenses, and these counterclaims in response to Rembrandt Technologies, LP's Complaint as follows:

## ANSWER TO COMPLAINT

1. Fox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2. Fox admits the allegations of paragraph 2.

3. Fox admits the allegations of paragraph 3.

4. Fox admits the allegations of paragraph 4.

5. Fox admits that the Court has personal jurisdiction over Fox in the District of Delaware. Fox admits that it is incorporated in Delaware and has conducted and does conduct business in Delaware. Fox denies the remaining allegations in paragraph 5.

6. Fox admits the allegations of paragraph 6.

7. Fox incorporates by reference its answers to paragraphs 1 through 6 of the Complaint respectively.

8. Fox admits that the '627 patent is entitled "Signal Point Interleaving Technique." Fox lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8.

9. Fox lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Fox admits the allegations of paragraph 10.

11. Fox denies the allegations of paragraph 11.

12. Fox denies the allegations of paragraph 12.

13. Fox denies the allegations of paragraph 13.

14. Fox denies that Plaintiff is entitled to a judgment in its favor or any relief whatsoever.

## DEFENSES

### First Defense

1. Fox is not infringing and has not infringed, either by direct infringement, contributory infringement, or induced infringement, any claim of the '627 patent.

### Second Defense

2. By reason of the proceedings in the United States Patent and Trademark Office during prosecution of the application for the '627 patent, specifically the admissions, representations, and amendments made on behalf of the applicants for such patents, Plaintiff is estopped from asserting any construction of the claims of the '627 patent that would cover any products or methods of Fox.

### Third Defense

3. On information and belief, the '627 patent is invalid and unenforceable for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

### Fourth Defense

4. On information and belief, Plaintiff is barred in whole or in part from asserting the '627 patent against Fox by the doctrines of laches, estoppel, and waiver.

### Fifth Defense

5. On information and belief, Plaintiff is barred in whole or in part from asserting the '627 patent against Fox by the doctrine of unclean hands.

3

**Sixth Defense**

6. The '627 patent is unenforceable under the doctrine of inequitable conduct. On information and belief, prior to the issuance of the '627 patent, the named inventors and/or others substantively involved in prosecuting the applications leading to the '627 patent were aware of material information, including prior art, but withheld, concealed and/or mischaracterized that information with the intent to deceive the Patent and Trademark Office. The concealed information includes, without limitation: (1) United States Patent No. 4,677,626, entitled "Self-Synchronizing Interleaver for Trellis Encoder Used in Wireline Modems," and issued to Betts *et al.* on June 30, 1987; (2) United States Patent No. 5,052,000, entitled "Technique for Improving the Operation of Decision Feedback Equalizers in Communications Systems Using Error Correction," and issued to Wang *et al.* on September 24, 1991; (3) United States Patent No. 5,105,442, entitled "Coded Modulation With Unequal Error Protection," and issued to Lee-Fang Wei on April 14, 1992; and (4) United States Patent No. 5,056,112, entitled "Interleaving In Coded Modulation For Mobile Radio," and issued to Lee-Fang Wei on October 8, 1991. These references are not cumulative of the prior art cited in the '627 patent.

**Seventh Defense**

7. On information and belief, Plaintiff is barred in whole or in part from asserting the '627 patent against Fox by the doctrines of patent exhaustion and implied license.

## COUNTERCLAIMS FOR DECLARATORY RELIEF

For its counterclaims against Plaintiff, Fox alleges the following:

1. Fox Entertainment Group, Inc. is a Delaware corporation with its principal place of business in Los Angeles, California.

2. Fox Broadcasting Company is a Delaware corporation with its principal place of business in Los Angeles, California.

3. On information and belief, Rembrandt Technologies, LP is a New Jersey corporation with its principal place of business in Bala Cynwyd, Pennsylvania.

4. This action arises under the patent laws of the United States and seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 *et seq.*


## COUNT ONE

### Declaratory Judgment Of Non-Infringement

6. Fox incorporates by reference the allegations contained in paragraphs 1 through 5 of this counterclaim.

7. An actual case or controversy exists between Fox and Rembrandt Technologies concerning infringement of the '627 patent.

8. Fox is not infringing, and has not infringed, either by direct infringement, contributory infringement, or induced infringement, any claim of the '627 patent.

## COUNT TWO

### Declaratory Judgment Of Invalidity

9.  Fox incorporates by references the allegations contained in paragraphs 1 through 8 of this counterclaim.

10. An actual case or controversy exists between Fox and Rembrandt Technologies concerning the validity and enforceability of the '627 patent.

11. The claims of the '627 patent are invalid and unenforceable under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

### FOX'S PRAYER FOR RELIEF

WHEREFORE, Fox respectfully requests that this Court enter judgment in its favor that:

(a) Fox is not infringing and has not infringed any claim of United States Patent Number 5,243,627;

(b) United States Patent Number 5,243,627 is invalid and unenforceable;

(c) Rembrandt Technologies's claims are dismissed in their entirety with prejudice;

(d) Rembrandt Technologies shall take nothing by way of its Complaint;

(e) This is an exceptional case that justifies awarding Fox its reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules, and the common law; and

(f) Fox is entitled to its costs and such additional relief as the Court shall deem just and proper under the circumstances.

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

William W. Oxley
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
Tel: (213) 612-2020

William L. Anthony, Jr.
Fabio E. Marino
ORRICK, HERRINGTON &
    SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, California 94025
Tel: (650) 614-7400

Dated: January 26, 2007

774651 / 31072

By: */s/ Richard L. Horwitz*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 North Market Street
    Wilmington, DE 19899-0951
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorney for Defendants*
*Fox Entertainment Group, Inc. and*
*Fox Broadcasting Company*

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on January 26, 2007, the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Steven J. Balick
Lauren E. Maguire
Ashby & Geddes
500 Delaware Avenue, 18th Floor
P. O. Box 1150
Wilmington, DE  19899

I hereby certify that on January 26, 2007, I have Electronically Mailed the

documents to the following non-registered participants:

John F. Sweeney
Joseph A. DeGirolamo
Michael O. Cummings
MORGAN & FINNEGAN, LLP
3 World Financial Center
New York, NY  10281-2101
jsweeney@morganfinnegan.com
jdegirolamo@morganfinnegan.com
mcummings@morganfinnegan.com

By:    /s/ Richard L. Horwitz
         Richard L. Horwitz
         David E. Moore
         Hercules Plaza, 6th Floor
         1313 N. Market Street
         Wilmington, Delaware  19899-0951
         (302) 984-6000
         rhorwitz@potteranderson.com
         dmoore@potteranderson.com

772956 / 31072